UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

    v.

KEVIN CHAPPELL; *et al.*,

    Defendant.

No. C-13-4048 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The complaint alleges the following:

On September 26, 2012, prison officials conducted a full building search of the building in which Mr. Parks was housed at San Quentin State Prison. During the search of the cells on the fifth floor of the cell block, prison staff threw some debris off the cell block. That debris included five or six milk crates that shattered when they hit the ground on the first floor. Mr. Parks, who was locked in his cell on the first floor, was hit in the left hand and eye by some of the pieces from the shattered milk crates. He yelled out that he had been struck by debris, and custody staff told him to "shut up, man up." Docket # 1 at 4. He was left in his cell for more than two hours in pain. He filed an inmate appeal that he had been refused medical attention.

The complaint does not indicate the severity of any injuries he suffered. An inmate appeal response attached to the complaint states that Mr. Parks was seen in the triage and treatment area on the day of the incident "for a bruise on [his] right hand," was seen by a registered nurse two days later, and was seen by a doctor for a follow-up appointment on October 10, 2012. *See id.* at 9.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety and health of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety or health. *See id.* at 834. The complaint attempts to plead claims for Mr. Parks being hit by the debris and for the response to Mr. Parks' medical needs thereafter. Both claims are subject to Eighth Amendment analysis, and have parallel elements.

A.   Flying Debris Claim

"The Constitution does not mandate comfortable prisons, . . . but neither does it permit inhumane ones." *See Farmer*, 511 U.S. at 832 (internal citations and quotation marks omitted). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are

sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted); *see Farmer*, 511 U.S. at 834; *see, e.g., Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), *amended*, 75 F.3d 448 (9th Cir. 1995); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state Eighth Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water for hours).

The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996). In *Osolinski*, the court held that prison officials were entitled to qualified immunity against an Eighth Amendment claim from a prisoner who suffered second-degree burns on his arm when an oven door fell off its hinges. *Id.* at 939. The oven door had been broken for many months, and maintenance requests for it had been submitted for more than six months before the accident. The failure to repair a malfunctioning oven door did not create a sufficiently serious deprivation of a human need to satisfy the objective prong of the Eighth Amendment analysis. *See id.* at 937-38. The court noted that it was a single defective device and there were no exacerbating circumstances. "In particular, [the prisoner] has not pled any conditions which rendered him unable to 'provide for [his] own safety' in the sense that they precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition," *Id.* at 938. The court also observed that minor safety hazards – e.g., greasy

staircase, ponding water from a leaking dishwasher, and a slippery kitchen floor – had been found in other cases not to violate the Eighth Amendment. *Id.* at 938.

Mr. Parks alleges that he was hit by flying debris when items thrown off a fifth floor balcony shattered upon impact at ground level. The debris apparently ricocheted and hit him in his cell. He does not allege that debris was thrown at, or dropped directly on, him. Merely throwing debris off a balcony does not appear to create a sufficiently serious condition to satisfy the objective prong for an Eighth Amendment violation. *See Osolinski*, 92 F.3d at 938 (citations omitted) ("'Not every deviation from ideally safe conditions amounts to a constitutional violation'"). In his amended complaint, Mr. Parks must provide more facts so as to suggest that this course of conduct deprived him of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 304.

More importantly, there are no allegations in the complaint suggesting that any defendant acted with deliberate indifference in throwing the debris off the fifth floor. Mere negligence, or ordinary lack of due care, does not violate the Eighth Amendment. *See Farmer*, 511 U.S. at 835. A defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serous harm exists, and he must also draw the inference." *Id.* at 837. Mr. Parks must allege in his amended complaint facts suggesting that each defendant acted with deliberate indifference in the incident.

B.  Medical Care Claim

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). With regard to medical care, a defendant violates the Eighth Amendment only if (1) the medical need is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*, 511 U.S. at 834.

Mr. Parks' complaint fails to state an Eighth Amendment claim based on the response to his medical needs. First, the complaint fails to allege any serious medical need. A "serious" medical

need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974 F.2d at 1059 (quoting *Estelle v. Gamble*, 429 U.S. at 104). In his amended complaint, Mr. Parks needs to describe the injuries he sustained.

Second, the complaint fails to allege the required mental state. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (citation omitted). Mr. Parks does not identify any defendant for his medical needs claim or allege that anyone acted with the required mental state. In his amended complaint, Mr. Parks must allege facts showing that what each defendant did or failed to do amounted to deliberate indifference to his medical needs. For any situation where he disagrees with the medical care provider's choice of treatment that was provided, he must allege that the chosen course of action "'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [his] health.'" *Toguchi*, 391 F.3d at 1058.

For both claims in his amended complaint, Mr. Parks must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

## IV. <u>CONCLUSION</u>

The amended complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Mr. Parks may attempt to allege a violation of his constitutional rights. The amended complaint must be filed no later than **March 28, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Parks is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 24, 2014

_____
EDWARD M. CHEN
United States District Judge