UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

    v.

KEVIN CHAPPELL; *et al.*,

    Defendant.
_____/

No. C-13-4048 EMC (pr)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court reviewed his complaint, and dismissed it with leave to amend to cure several problems. Mr. Parks then filed an amended complaint which is now before the Court for review pursuant to § 1915A. This order also addresses his request for appointment of counsel.

## II. BACKGROUND

The amended complaint alleges the following:

On September 26, 2012, prison officials conducted a full building search of the building in which Mr. Parks was housed at San Quentin State Prison. During the search of the cells on the fifth floor of the cell block, warden Kevin Chappell and other prison staff threw some debris off the cell block. That debris included five or six milk crates that shattered when they hit the ground on the first floor. Mr. Parks, who was locked in his cell on the first floor, was hit in the hand and eye by some of the ricocheting pieces from the milk crates. He yelled out that he had been struck by debris and needed medical attention; defendants yelled back "shut up man up this is warden Kevin

1  Chappell 602 me." Docket # 6 at 5 (no punctuation in source).  Mr. Parks was left in his cell for
2  more than two hours in pain from injuries to his left eye and his right hand.  The medical report
3  prepared when Mr. Parks was seen in the infirmary on the date of the incident noted a
4  "bruise/discolored area" on his right hand and perhaps on his arm, but had no notations indicating
5  any injury to his eyes or face.  Docket # 7 at 11.

### III.  DISCUSSION

A.  Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety and health of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety or health.  *See id.* at 834.

Upon initial review of the original complaint, the Court noted that Mr. Parks had not pled an Eighth Amendment claim based on being hit by the debris.  The Court noted that the complaint suggested that the debris ricocheted and hit him in his cell and was not thrown at, or dropped directly on, him.  Mr. Parks did not plead otherwise in his amended complaint, and confirmed that he was locked in his cell at the time of the incident.  The Court granted leave to amend so that Mr.

Parks could attempt to allege facts suggesting that (a) dropping the debris amounted to an objectively serious condition, i.e., a deprivation of the minimal civilized measure of life's necessities and (b) a defendant acted with deliberate indifference to his health and safety. The amended complaint fails to cure either shortfall in the flying debris claim. The amended complaint fails to allege an Eighth Amendment claim based on the flying debris because it does not allege an objectively serious condition or that anyone acted with deliberate indifference. This Eighth Amendment claim is dismissed without leave to amend.

Upon initial review of the original complaint, the Court also determined that an Eighth Amendment claim had not been stated for deliberate indifference to medical needs because the complaint had not alleged any serious medical need or that any defendant acted with the requisite deliberate indifference. The amended complaint cures these deficiencies. The extensive hand and eye injuries described in the amended complaint appear to amount to serious medical needs. The amended complaint also adequately alleges deliberate indifference, as it alleges that someone refused to provide requested medical care. The alleged response to Mr. Parks' request for medical help was "shut up man up this is warden Kevin Chappell 602 me." Docket # 6 at 5 (no punctuation in source). (The "602 me" comment may have been a reference to filing an inmate appeal on a CDCR form 602). Giving the *pro se* amended complaint the liberal construction to which it is entitled, the amended complaint states a cognizable claim against Kevin Chappell for an Eighth Amendment violation for deliberate indifference to Mr. Parks' serious medical needs.

The amended complaint alleges that Mr. Parks' right to equal protection was violated because defendants "used majorities in forced to disabiate the same rules they seek to impose on minorities." *See* Docket # 6 at 5-6 (errors in source); *see also id.* at 10 ("plaintiff draw distinctions between the plaintiff and the defendants and that resulted a violation of equal protection"); *id.* at 11 (plaintiff was refused "help for hours before the equal protection equal rights was put in place"). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v.*

1 | *City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike
2 | groups does not support an equal protection claim). Mr. Parks' assertion that prison officials treat
3 | themselves better than prisoners does not show different treatment of similarly situated people
4 | because prison officials and prisoners are not similarly situated. *See Hrbek v. Farrier*, 787 F.2d 414,
5 | 417 (8th Cir. 1986) (prisoners and nonprisoners are not similarly situated). Even with liberal
6 | construction, the amended complaint does not state a claim for a violation of Mr. Parks' rights under
7 | the Fourteenth Amendment's Equal Protection Clause. *See Thornton*, 425 F.3d 1158, 1166 (9th Cir.
8 | 2005) (to state a claim for violation of the Equal Protection Clause, a plaintiff must allege facts
9 | showing that defendants acted with an intent or purpose to discriminate against the plaintiff based
10 | upon membership in a protected class). There is no need for further leave to amend because Mr.
11 | Parks has fully described the facts and they simply do not add up to an equal protection violation.
12 | The equal protection claim is dismissed without leave to amend.
13 | B.      Motion For Appointment Of Counsel
14 |         Mr. Parks has moved for appointment of counsel to represent him in this action. A district
15 | court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent
16 | civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
17 | Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability
18 | of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.
19 | *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a
20 | request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment
21 | of counsel are not evident at this time. The request for appointment of counsel is DENIED. (Docket
22 | # 7.)

### IV.     CONCLUSION

24 |         1.      The amended complaint states a cognizable § 1983 claim against warden Kevin
25 | Chappell for deliberate indifference to medical needs in violation of Mr. Parks' Eighth Amendment
26 | rights. All other claims and Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon warden Kevin Chappell at San Quentin State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **August 29, 2014,** Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on non-exhaustion, Defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), and .

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **September 26, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **October 10, 2014**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions,

5

>answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, your case will be dismissed and there will be no trial.

     5.    All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

     6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

     7.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

///

///

///

///

///

1      8.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

     9.     Plaintiff's request for appointment of counsel is DENIED.  (Docket # 7.)

IT IS SO ORDERED.

Dated: June 20, 2014

                                      _____
                                      EDWARD M. CHEN
                                      United States District Judge