UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN CHAPPELL; *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-4048 EMC (pr)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REVOKE PAUPER STATUS** |

Defendant has filed a motion under 28 U.S.C. § 1915(g) to revoke Plaintiff's pauper status. Section 1915(g) provides that a prisoner may not bring a civil action or appeal *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court need not wait for an opposition from Plaintiff to rule on the motion because the motion is plainly meritless. Section 1915(g) is sometimes called a "3-strikes" statute for pauper-prisoners because, once the plaintiff has accumulated three qualifying dismissals, he generally cannot proceed as a pauper in later filed cases. In order for a dismissal to be counted as qualifying dismissal (or "strike" in popular parlance) for purposes of § 1915(g), the dismissal must have reached finality. A district court's dismissal of case does not count as a strike under § 1915(g) until the dismissal becomes final, that is, until the prisoner has waived or exhausted his opportunity to appeal. *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011). None of the five dismissals defendant identifies count as "strike." First, Defendant offers no authority for his odd contention that there should be a separate "strike" for the dismissal of a complaint and the dismissal of an

amended complaint in one action.  The statute's reference to the dismissal of "an action" plainly contemplates that only one strike per action will occur if there is a qualifying dismissal.  At most, there could be three strikes from the three district court cases Defendant identifies in his motion.  Second, the dismissal of *Parks v. Chavez*, No. C 12-6018 EMC, does not even count as one "strike" under § 1915(g) because the dismissal had not become final: an appeal from that dismissal was still pending when this action was filed on August 30, 2013.  *See Silva*, 658 F.3d at 1100.  Third, the dismissals of *Parks v. Williams*, No. C 12-6140 EMC, and *Parks v. Hamlit* No. C 13-2489 EMC, do not count as "strike" dismissals under § 1915(g) because neither case had been dismissed before this action was filed.  The dismissals Defendant identifies may count for § 1915(g) purposes at some later date for some future action Plaintiff might file, but none of those dismissals count for § 1915(g) purposes for this action.  For the foregoing reasons, the motion to revoke pauper status is **DENIED**. (Docket # 11.)

The court now sets the following new briefing schedule for dispositive motions:

1. No later than **October 3, 2014**, Defendant must file and serve a motion for summary judgment or other dispositive motion.

2. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant's counsel no later than **October 29, 2014**.

3. Defendants' reply, if any, must be filed no later than **November 14, 2014**.

IT IS SO ORDERED.

Dated: September 4, 2014

_____
EDWARD M. CHEN
United States District Judge

2