UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

    v.

KEVIN CHAPPELL; *et al.*,

    Defendant.

No. C-13-4048 EMC (pr)

**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT**

## I. INTRODUCTION

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which Steven Dean Parks claims that Warden Kevin Chappell violated his Eighth Amendment rights by not promptly summoning medical help for him. Warden Chappell has moved for summary judgment for non-exhaustion of administrative remedies and Mr. Parks has opposed the motion. For the reasons discussed below, the Court will grant Warden Chappell's motion for summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise noted:

The amended complaint alleged that, on September 26, 2012, prison officials conducted a search of the building in which Mr. Parks was housed at San Quentin State Prison. The amended complaint further alleged that, during the search of the cells on the fifth floor of the cell block, Warden Kevin Chappell and other prison staff threw some debris off the cell block, including five or six milk crates that shattered when they hit the ground on the first floor. The amended complaint further alleged that Mr. Parks, who was locked in his cell on the first floor, was hit in the hand and eye by some of the ricocheting pieces from the milk crates. According to the amended complaint,

1  Mr. Parks yelled out that he had been struck by debris and needed medical attention; defendants
2  yelled back "shut up man up this is Warden Kevin Chappell 602 me." Docket # 6 at 5 (no
3  punctuation in source).[1] The amended complaint alleged that Mr. Parks was left in his cell for more
4  than two hours in pain from injuries to his left eye and his right hand. The medical report prepared
5  when Mr. Parks was seen in the infirmary on the date of the incident noted a "bruise/discolored
6  area" on his right hand and perhaps on his arm, but had no notations indicating any injury to his eyes
7  or face. Docket # 7 at 11. The amended complaint named only Warden Kevin Chappell as a
8  defendant.

9        The court ordered service of process on Warden Chappell after finding that the only
10 cognizable claim stated in the amended complaint was a § 1983 claim against Warden Chappell for
11 an Eighth Amendment violation for deliberate indifference based on Warden Chappell's alleged
12 refusal to get medical care for Mr. Parks who requested such care. *See* Docket # 8 at 3.

13       The parties agree that Mr. Parks filed only one inmate appeal pertaining to the incident. In
14 the "patient/inmate health care appeal" dated September 27, 2012, inmate appeal log # SQ HC
15 12037413, Mr. Parks wrote the following in the part of the form in which he was directed to state the
16 purpose of his appeal: "USC (1983). Adverse effect on my welfare 'injurys' (compension)."
17 Docket # 20-1 at 3 (errors in source). Mr. Parks wrote the following in the portion of the form
18 where he was directed to explain his issue: "On 9-26-2012 I was struck with flying debris in my
19 hand, finger, eye. The 5 or 6 milk creates came from the 5th tear some 50 feet in hight to ground
20 floor. While your staff, custody, administration, was serching and I was locked in my cell." *Id.*
21 (errors in source). In the portion of the form where the inmate is directed to state the action
22 requested, Mr. Parks wrote: "I am charging 5 CDCR staff, custody administration with 3084(c)(g)
23 Per Title 15 (C.C.R.) Article 8 (insubordination by CDCR. Thay refused my medical attention."
24 Docket # 20-1 at 3 (errors in source). It is undisputed that, contrary to the requirements of a
25 regulation, the inmate appeal did not mention Warden Chappell by name or position.

---

[1] The inmate appeal described below did not contain this allegation in which someone allegedly identified himself as the Warden.

2

Mr. Parks' inmate appeal received a decision at all three levels of formal review. Docket # 20-2; # 20-3, # 20-4. At the third level, or director's level, the decision was to deny the appeal. Docket # 20-4.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must now be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If defendant carries that burden, the prisoner has the burden of production. "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts" on the exhaustion question. *Id.* at 1166.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, Mr. Parks' amended complaint was made under penalty of perjury and therefore is considered as evidence.

## IV.  DISCUSSION

A.  Exhaustion Requirements

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or

welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the California Department of Corrections and Rehabilitation or his designee. *Id.* § 3084.1(b), § 3084.7(d)(3).

The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

*Id.* § 3084.2(a)(3-4).

Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Reg., tit. 15 § 3084.2); *Sapp v. Kimbrell*, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Reg., tit. 15 § 3084.2(a)"); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison's jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought'"). Those cases are distinguishable, however, because they did not address the regulation as it existed at the time of the incident

complained of in Mr. Parks' complaint. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3) which requires the listing of "all staff member(s) involved." *See* Cal. Code Regs., tit. 15 § 3084.2 (history notes 11-12 providing operative date of amendment). *Wilkerson* and *Sapp* used the pre-2011 version of § 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a phrase that does not exist in the current version of the regulation. *Griffin* is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required that prisoners using the CDCR's inmate appeal system must list the name(s) of the wrongdoer(s) in their administrative appeals.

B. <u>Analysis</u>

Warden Chappell has moved for summary judgment on the ground that Mr. Parks did not properly exhaust administrative remedies because the only inmate appeal that he filed did not identify Warden Chappell as the person who refused to provide requested medical help for Mr. Parks.

Warden Chappell has carried his burden to demonstrate that there were available administrative remedies for Mr. Parks, and that Mr. Parks did not properly exhaust those available remedies. The undisputed evidence shows that California provides an administrative remedies system for California prisoners to complain about their conditions of confinement, and that Mr. Parks used that California inmate appeal system to complain about the incident that gives rise to his complaint. The undisputed evidence also shows that the only inmate appeal filed pertaining to the incident, inmate appeal # SQ HC 12037413, did not mention Warden Chappell by name or title, even though Mr. Parks was required to do so by the regulation in order to properly exhaust administrative remedies. Cal. Code Regs., tit. 15 § 3084.2(a)(3). Mr. Parks has made statements under penalty of perjury that plainly show he could have provided Warden Chappell's name and position in his inmate appeal because Warden Chappell announced his name when he refused to

1  obtain medical help for Mr. Parks. Mr. Parks states under penalty of perjury that he heard "shut up
2  man up this is Warden Kevin Chappell 602 me" in response to his request for medical help. Docket
3  # 6 at 5 (errors in source).[2]  As a result of Mr. Parks' failure to mention that the person who failed
4  to summon medical help was Warden Kevin Chappell, Mr. Parks did not "provide the level of detail
5  required by the prison's regulations," *Sapp*, 623 F.3d at 824, and therefore did not properly exhaust
6  his administrative remedies. *See Ngo*, 548 U.S. at 90. By failing to provide this known bit of
7  information, Mr. Parks failed to provide sufficient information to allow prison officials to take
8  appropriate responsive measures. Defendant has carried his burden to show that Mr. Parks did not
9  properly exhaust his administrative remedies because he did not name Warden Kevin Chappell in his
10 inmate appeal as required by applicable regulation.

11  Once defendant met his initial burden, the burden shifted to Mr. Parks to come forward with
12 evidence showing that something in his particular case made the existing administrative remedies
13 effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Mr. Parks has made no such showing.
14 His opposition to the motion for summary judgment has argued that his amended complaint stated a
15 claim upon which relief may be granted, *see* Docket # 23, but whether a claim is stated is irrelevant
16 to the exhaustion question. Mr. Parks also has argued that he *did* name Warden Kevin Chappell in
17 his amended complaint, *id.* at 2, but this too is irrelevant to the exhaustion question because the
18 exhaustion question focuses on what was contained in his *administrative appeal* rather than in his
19 pleadings. Mr. Parks has not met his burden to show that administrative remedies were effectively
20 unavailable.

21  The regulation that had been in effect for almost twenty months before the incident plainly
22 required the inmate to list the name of the staff member involved and to describe his/her role in the
23 incident. *See* Cal. Code Regs., tit. 15 § 3084.2(a)(3). Mr. Parks did not do so and therefore failed to

---

[2] Even if the statement, "this is Warden Kevin Chappell 602 me," had been made by another staff person pretending to be Warden Chappell, Mr. Parks' complaint would have to be dismissed. Mr. Parks has named only Warden Chappell as a defendant, and his only stated basis for doing so was the speaker's identification of himself as "Warden Kevin Chappell" when he refused to obtain medical help for Mr. Parks. If Mr. Parks did not believe Warden Chappell made that statement, he had no reason to name Warden Chappell as a defendant. The very fact that supports the cause of action against the lone defendant is the same fact that demonstrates that Mr. Parks knew at the time who the purported wrongdoer was and could have included that information in his inmate appeal.

7

properly exhaust his administrative remedies. *See Ngo*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *see, e.g., Martinez v. Swift*, 2015 WL 1349525, *2 (N.D. Cal. 2015) (Seeborg, J.) (granting summary judgment for nonexhaustion because the grievance "does not mention [defendant], or describe with any specificity his actions or words" and therefore did not comply with § 3084.2(a)(3)); *Panah v. State of Cal. Dep't of Corr. and Rehabilitation*, 2015 WL 1263494, *9-*10 (N.D. Cal. 2015) (Freeman, J.) (even if plaintiff's failure to pursue inmate appeal to highest level is excused, he failed to properly exhaust his claim against the warden because his inmate appeal did not name the warden or describe the basis for his liability); *Gray v. Smith*, 2015 WL 875482, *2-*3 (N. D. Cal. 2015) (Alsup, J.) (granting summary judgment for nonexhaustion where inmate appeal described an incident at the prison but did not name the warden and did not describe a widespread practice or that the warden knew of the incident and failed to stop it).

Bearing in mind that Warden Chappell has the ultimate burden of proof on the defense and viewing the evidence in the light most favorable to Mr. Parks, the Court concludes that Warden Chappell is entitled to judgment as a matter of law on the affirmative defense that Mr. Parks failed to exhaust administrative remedies on the Eighth Amendment claim for denial of medical care. The action is therefore dismissed without prejudice to Mr. Parks filing a new action alleging those claims if he ever properly exhausts his administrative remedies.

## V.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**. (Docket # 19.). Judgment will now be entered in Defendant's favor and against Plaintiff.

IT IS SO ORDERED.

Dated: June 1, 2015

_____
EDWARD M. CHEN
United States District Judge